J-S27023-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                 :                 PENNSYLVANIA
                                                 :

                v.                                     :

DOUGLAS TUCKER                       :

                Appellant           :        No. 2159 EDA 2023

Appeal from the Judgment of Sentence Entered May 30, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005099-2022

BEFORE:   LAZARUS, P.J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:         **FILED OCTOBER 22, 2024**

Appellant Douglas Tucker appeals from the judgment of sentence imposed following his convictions for burglary and related offenses. Appellant challenges the discretionary aspects of his sentence. We affirm.

The trial court summarized the factual history of this case as follows:

On January 21, 2023, at approximately 11:10 PM, Officer David Gerard (Badge #2224) was on duty [as] a Philadelphia Police officer. His tour of duty that evening took him to the Payless Car Rental at 6975 Norwitch Drive in the city and county of Philadelphia.

At that location, the officer observed one male squeeze through the fence surrounding the business and run towards a black car parked on the street. The officer also observed a blue car travel from inside the business, drive directly through the fence and go around the officer's car into the nearby street. Officer Gerard saw the previously-mentioned black car pull off from the location. The officer subsequently followed the black car.

_____

[*] Retired Senior Judge assigned to the Superior Court.

The officer identified the make and model of the black car as a Honda Accord. As he followed the Honda, another marked police vehicle joined the pursuit.

Officer Gerard ultimately broke off pursuit and returned to the Payless Car Rental lot.

Back at Payless, the officer observed the front window of the business broken and two vehicles on the lot running with keys in [them].

Officer Timothy Kirby also received a radio call of this same incident. He was directed to another location where the perpetrators might be apprehended. When he arrived at [that location], he was met by fellow officers [and] observed a black car which had gotten into an accident. He also observed three males get out of the vehicle from the driver's side and start running.

[Appellant] was identified as one of those three males. Officer Kirby testified that Officer [Justin] Krajci ultimately arrested [Appellant].

Upon reviewing Officer Krajci's body-worn camera, Officer Kirby also testified that he had received a radio call that a property was being broken into and cars were taken from it, and that the vehicle in question was fleeing. Finally, a search warrant executed by Detective [Jeffrey] Gilson recovered [f]ive sets of keys from the black Honda Accord which all matched the cars in the lot of Payless Car Rental.

Trial Ct. Op., 12/18/23, at 2-3 (citations omitted and some formatting altered).

Appellant was arrested and charged with burglary, criminal trespass, conspiracy, criminal mischief, theft by unlawful taking, and receiving stolen property (RSP).[1] Following a bench trial, the trial court found Appellant guilty on all counts. On May 30, 2023, the trial court sentenced Appellant to a term

_____

[1] 18 Pa.C.S. § §§ 3502(a)(4), 3503(a)(1)(ii), 907(c), 3304(a)(4), 3921(a), and 3925(a) respectively.

of two and one-half to five years of incarceration for burglary with no further penalty on the remaining counts. **See** N.T., 5/30/23, at 56.[2] The trial court ordered the sentence in the instant case to run concurrently with sentences imposed at three unrelated cases at Docket Nos. 3636-2022, 3891-2022, and 593-2023. **See id.**

Appellant filed a timely post-sentence motion for reconsideration of his sentence in the instant case, which the trial court denied, and Appellant filed a timely appeal. Both the trial court and Appellant complied with Pa.R.A.P. 1925.

In his brief, Appellant did not include a statement of questions presented to identify the specific issue he wishes to raise on appeal. **See** Pa.R.A.P. 2116(a). This Court has explained that we "may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure." **Commonwealth v. Lyons**, 833 A.2d 245, 252 (Pa. Super. 2003). However, it is clear from Appellant's Pa.R.A.P. 2119(f) statement and the argument section of his brief that he is challenging the discretionary aspects of his sentence. **See** Appellant's Brief

_____

[2] During the sentencing hearing in the instant case, Appellant also entered guilty pleas at three unrelated trial court dockets: 3636-2022, 3891-2022, and 593-2023. **See** N.T., 5/30/23, at 33-35. On the three unrelated cases, the trial court accepted Appellant's guilty pleas and sentenced Appellant to six to twelve months of incarceration followed by two and one-half years of probation at each docket. **See id.** at 54-55. The trial court ordered these sentences to run concurrently with each other resulting in an aggregate term of six to twelve months of incarceration, followed by two and one-half years of probation, on all three cases. **See id.** at 55.

at 4, 12-14; *see also* Appellant's Rule 1925(b) Statement, 8/26/23, at 1. Specifically, Appellant argues that the trial court abused its discretion by imposing an excessive sentence that exceeded the aggravated range of the guidelines without providing sufficient justification on the record and improperly considered factors such as Appellant's guilty pleas in other cases. *See* Appellant's Brief at 4, 12-14.

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted). Before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

*Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); *see also* Pa.R.A.P. 302(a)

(stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Battles*, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Grays*, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted).

Here, the record reflects that Appellant preserved his issue by raising it in his post-sentence motion for reconsideration of sentence, filing a timely notice of appeal and a court-ordered Rule 1925(b) statement, and including a Rule 2119(f) statement in his brief. *See Corley*, 31 A.3d at 296. Further, we conclude that Appellant's claim raises a substantial question for our review. *See Commonwealth v. Prater*, 256 A.3d 1274, 1288 (Pa. Super. 2021) (stating that an "[a]ppellant presents a substantial question for our review by asserting that the court failed to state sufficient reasons for imposing sentence outside the sentencing guidelines" (citation omitted)); *see also Commonwealth v. Downing*, 990 A.2d 788, 792 (Pa. Super. 2010) (concluding a claim that trial court relied on improper factors raises a substantial question). Therefore, we will review the merits of Appellant's claims.

Our well-settled standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d). Subsection 9781(c) provides:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

In reviewing the record, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation [PSI].

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

***Commonwealth v. Raven***, 97 A.3d 1244, 1253-54 (Pa. Super. 2014) (citation omitted).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), [including] the protection of the public, [the] gravity of [the] offense in relation to [the] impact on [the] victim and [the] community, and [the] rehabilitative needs of the defendant[.]" ***Commonwealth v. Fullin***, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted and formatting altered). "[T]he trial court is required to consider the particular circumstances of the offense and the character of the defendant," including the defendant's "prior criminal record, age, personal characteristics, and potential for rehabilitation." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citations omitted).

"A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." ***Commonwealth v. Schutzues***, 54 A.3d 86, 99 (Pa. Super. 2012) (citations omitted). Additionally, the trial court "must consider the sentencing guidelines." ***Fullin***, 892 A.2d at 848 (citation omitted).

When applying the sentencing guidelines, this Court has explained that

> the sentencing court is required to consider the sentence ranges set forth in the sentencing guidelines, but it [is] not bound by the sentencing guidelines. The court may deviate from the

recommended guidelines; they are merely one factor among many that the court must consider in imposing a sentence. A court may depart from the guidelines if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community. When a court chooses to depart from the guidelines[,] however, it must demonstrate on the record, as a proper starting point, [its] awareness of the sentencing guidelines. Further, the court must "provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines." 42 Pa.C.S. § 9721(b).

*Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008) (some citations omitted and formatting altered). However, "all that a trial court must do to comply with [these] procedural requirements is to state adequate reasons for the imposition of sentence on the record in open court." *Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa. Super. 2014) (citations omitted).

The balancing of the sentencing factors is the sole province of the sentencing court, which has the opportunity to observe the defendant and all witnesses firsthand. *See Commonwealth v. Kurtz*, 294 A.3d 509, 536 (Pa. Super. 2023), *appeal granted on other grounds*, 306 A.3d 1287 (Pa. 2023). In conducting appellate review, this Court "cannot reweigh sentencing factors and impose judgment in place of sentencing court where lower court was fully aware of all mitigating factors[.]" *Id.* (citation omitted).

Further, a sentencing judge may also consider unprosecuted criminal conduct and convictions that were not counted in the defendant's prior record

score (PRS) when crafting a sentence. *See Commonwealth v. P.L.S.*, 894 A.2d 120, 131 (Pa. Super. 2006). This Court has explained:

> Not only does the case law authorize a sentencing court to consider unprosecuted criminal conduct, the sentencing guidelines essentially mandate such consideration when a prior record score inadequately reflects a defendant's criminal background.

*Id.*; *see also* 204 Pa. Code § 303.5(d) (stating that "[t]he court may consider at sentencing prior convictions, juvenile adjudications or dispositions not counted in the calculation of the Prior Record Score, in addition to other factors deemed appropriate by the court").

Finally, we note that "where the trial court is informed by a PSI [report], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Edwards*, 194 A.3d 625, 638 (Pa. Super. 2018) (citation omitted and formatting altered).

As stated, the trial court sentenced Appellant to a minimum sentence of two and one-half years and a maximum sentence of five years for burglary, which exceeded the aggravated minimum range of the sentencing guidelines. *See* N.T., 5/30/23, at 37, 56; *see also* 204 Pa. Code § 303.16(a) (reflecting that the aggravated-range minimum sentence set forth in the sentencing guidelines was one year). However, the trial court expressly considered the applicable sentencing guidelines and the relevant sentencing factors of this case when imposing sentence, and it stated its reasons for sentencing Appellant outside the guidelines. *See* N.T., 5/30/23, at 59.

At sentencing, the trial court clearly stated its awareness of the applicable sentencing guidelines, the statutory maximum sentence Appellant faced in this case was ten years of incarceration, and it explained that Appellant's additional felonies at Docket Nos. 3636-2022, 3891-2022, and 593-2023, while not included in Appellant's PRS, were the basis for imposing a sentence above the sentencing guidelines. *See id.* at 58-59.

The trial court further explained:

> The reason I'm going above the guidelines on [the instant] case is because [Appellant also] pled guilty to [three] other serious cases all within the same time frame. So it may seem like -- fine. I'm punishing him [in the instant] case. But clearly, that's not the case. I could go up to ten years, I just have to explain why. I'm explaining why I'm going above the guidelines, and it's not that much more above the guidelines. [Appellant] pled guilty to an F2 [in the instant case]. So the fact of the matter is clearly this case is one of four cases that [Appellant] committed, serious cases in a year's time.

*Id.* at 59.

Following our review of the record, we discern no abuse of discretion by the trial court. *See Raven*, 97 A.3d at 1253; *Sheller*, 961 A.2d at 190. The trial court considered the relevant sentencing factors and the applicable sentencing guidelines. *See* N.T., 5/30/23, at 47-59. The trial court also explained that it was imposing a sentence outside the guidelines based on Appellant's history and additional criminal acts at Docket Nos. 3636-2022, 3891-2022, and 593-2023.[3] As noted previously, the trial court was permitted

---

[3] *See* N.T., 5/30/23, at 58-59.

- 10 -

to consider Appellant's criminal history and convictions not counted in Appellant's PRS when crafting its sentence. **See P.L.S.**, 894 A.2d at 131 (explaining that the trial court may consider "convictions that not counted in the defendant's prior record score (PRS) when crafting a sentence" and noting that "the sentencing guidelines essentially mandate such consideration when a prior record score inadequately reflects a defendant's criminal background"); 204 Pa. Code § 303.5(d) (stating that "[t]he court may consider at sentencing prior convictions, juvenile adjudications or dispositions not counted in the calculation of the Prior Record Score, in addition to other factors deemed appropriate by the court").

Further, the record reflects that the trial court ordered a PSI report, which it reviewed prior to sentencing. **See** N.T., 5/30/23, at 7-8. Therefore, we presume that the trial court was aware of all relevant sentencing factors and considered them when imposing Appellant's sentence, and this Court will not re-weigh the trial court's consideration of those factors on appeal. **See Edwards**, 194 A.3d at 638; **see also Kurtz**, 294 A.3d at 536. For these reasons, we have no basis to conclude that Appellant's sentence was unreasonable. **See Antidormi**, 84 A.3d at 760; **see also Raven**, 97 A.3d at 1254. Accordingly, Appellant is not entitled to relief.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/22/2024